O

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# LAREDO DIVISION

| | | |
|---|---|---|
| **TRANSMARITIME, INC.,** | § § | |
| **Plaintiff,** | § § | |
| v. | § § | Civil Action No. 5:06-cv-00055 |
| **MENLO WORLDWIDE FORWARDING, INC.; MENLO WORLDWIDE TRADE SERVICES, INC.; D_SKIN, LLC; AND INTESYS MEXICO S. de C.V.,** | § § § § § § § | |
| **Defendants.** | § | |

## OPINION AND ORDER

Pending before the Court is Plaintiff Transmaritime's Motion for Remand. Upon due consideration of the parties' arguments and the governing law, the Court GRANTS Plaintiff's motion.

### I.   PROCEDURAL HISTORY AND RELEVANT FACTS

This action arises out of an agreement, executed in Texas, between Plaintiff Transmaritime and Defendants for storage services. [Doc. No. 1-1]. Transmaritime originally brought this action in the District Court of Webb County, Texas, 111th Judicial District, seeking to recover allegedly unpaid storage fees via both the claims of breach of contract and *quantum meruit*. [Doc. No. 1-1 at 12]. On March 22, 2006, Defendant UPS (referred to in the above style as Menlo Worldwide Forwarding, Inc.; and Menlo Worldwide Trade Services, Inc.) filed its Notice of Removal to federal court pursuant to 28 U.S.C. § 1446. On April 4, 2006, Plaintiff filed its Motion [for] Remand, claiming that removal was procedurally defective because UPS failed to obtain the consent of co-Defendants D_Skin and Intesys, as is required for removal under § 1446(a).

**II.     DISCUSSION**

When the propriety of removal is in dispute, the removing party bears the burden of establishing . . . proper removal. *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). A defendant who desires to remove a civil action from state to federal court must file a notice of removal. 28 U.S.C. § 1446(a). The Fifth Circuit has made clear that "in order to comply with the requirements of § 1446, all *served* defendants must join in the removal petition filed prior to the expiration of the removal period." *Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002) (emphasis added). Therefore, if at the time of removal, a party has been served with process, that party is a "defendant" for the purposes of § 1446(a), and the removing defendant must obtain consent thereof in order to remove the cause to federal court consistent with the statute.

In its Response to Plaintiff's Motion for Remand, Defendant UPS admits that D_Skin had been served with process before it filed its notice of removal. [Doc. No. 6-1 at 3]. Further, "UPS concedes that [D_Skin's] written consent should have been filed at the time [UPS] filed its removal pleadings." [Doc. No. 6-1 at 3]. These admissions beg the question as to why this Court should not end the inquiry there and grant Plaintiff's Motion. UPS's sole defense is that "to the best of its counsel's knowledge and belief," it did not know that D_Skin had been so served with process, and that "[h]ad this fact been known to counsel . . . written consent would have been obtained . . . ." [Doc. No. 6-1 at 3]. UPS perfunctorily attempts to buttress its "simple mistake" defense with the assertion that "there are limited instances where [a] late filed [sic] consent can suffice to satisfy the written consent requirement." [Doc. No. 6-1 at 3].

To be sure, courts have established certain exceptions to the aforementioned consent rule. Generally, a defendant need not obtain the consent of "nominal defendants," *Tri-Cities Newspapers, Inc. v. Tri-Cities P.P. & A. Local 349*, 427 F.2d 325, 327 (5th Cir. 1970);

2

defendants the removing party claims were fraudulently joined, *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); or parties who are not defendants in the removable claim, but rather only in a separate and independent claim, *Henry v. Independent American Savings Association*, 857 F.2d 995, 999 (5th Cir. 1988). These exceptions to the consent rule notwithstanding, when a defendant does not obtain the consent from all co-defendants, removal will be deemed procedurally defective absent a legally sufficient explanation justifying such failure. *Home Owners Funding Corp. of Am. v. Allison*, 756 F. Supp. 290, 291-92 (N.D. Tex. 1991). Defendant UPS does not specify which exception to the consent requirement it seeks to invoke; this is likely because none of the exceptions are even remotely applicable.

Because the Court agrees that Defendant UPS's removal is procedurally defective for failure to obtain the consent of co-defendant D_Skin, the Court need not address whether the same procedural defect arises from UPS's failure to obtain the consent of Defendant Intesys. Plaintiff's Motion for Remand is **GRANTED**.

IT IS SO ORDERED.

DONE this 2nd day of August, 2006, in Laredo, TX.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS NOTICE SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**